**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**SOUTHERN DIVISION**
**CIVIL ACTION NO. 7:16-CV-00401-D**

| | |
|---|---|
| **BARBARA SCOTT AND STANLEY SCOTT,** | |
| **Plaintiffs,** | |
| **v.** | |
| **SREE-LUMBERTON, LLC, SREE-LUMBERTON SPE, INC., SREE HOTELS, LLC, HOLIDAY HOSPITALITY FRANCHISING, LLC, AND INTERCONTINENTAL HOTELS GROUP RESOURCES, INC.,** | **CONSENT PROTECTIVE ORDER (AS MODIFIED)** |
| **Defendants.** | |

**NOW COME** the above-captioned parties, by and through counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and hereby consent to entry of this Protective Order. Pursuant to Rule 26(c), the Court hereby Orders that any person subject to this Consent Order Respecting Confidentiality of Discovery Materials shall adhere to the following terms:

1.     For purpose of this Order, the term "confidential information" shall refer to information that a party believes, in good faith, reflects confidential or proprietary business, financial, or sensitive personal or private information about the parties within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure.

2.     Any documents that a party considers in good faith to contain confidential information and that are to be produced during the course of this litigation shall be marked by the producing party with the designation "CONFIDENTIAL."

3. The parties, their counsel, designees or representatives may use materials designated as "CONFIDENTIAL" for purposes of this litigation alone, including any subsequent appeals.

4. Except as provided in this Consent Protective Order or otherwise ordered by this Court, any materials that are designated as "CONFIDENTIAL" may be disclosed only to the following persons:

    a. Counsel in this action;

    b. Parties to this action, to the extent that disclosures is necessary for this litigation,

    c. Partners, associates, and legal staff of Counsel in this action, to the extent reasonably necessary to render professional services in this action,

    d. Persons retained by the Parties or their counsel to assist in discovery, preparation for any hearing, or to serve as expert witnesses, provided that such disclosure is reasonably calculated to aid in litigating this action and that he or she acknowledges that he or she is bound by the terms of this Protective Order by executing Attachment A to this Protective Order;

    e. Persons with factual knowledge relating to this action who may testify as witnesses at any hearing, including complainants, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this action and that he or she acknowledges that he or she is bound by the terms of this Protective Order by executing Attachment A to this Protective Order;

    f. any deponent in this action during his or her deposition and preparation therefor; and

2

g. court reporters and videographers privately retained to take depositions, under the terms and limitations specified in this Protective Order.

5. If any Party or its attorney wishes to disclose materials designated as "CONFIDENTIAL" subject to this Protective Order to any person other than those indicated in paragraph 4 above, the attorneys must obtain the producing Party's written consent in advance of such disclosure. Any other persons whom counsel agree may view materials designated as "CONFIDENTIAL" must sign Attachment A. If the producing Party does not consent to the proposed disclosure, then the attorneys may, on motion after conferring with opposing counsel, seek modification of this Protective Order from the Court.

6. Any non-party seeking access to materials that a party has labeled as "CONFIDENTIAL" may petition the Court to intervene in this action as provided by law and may seek the Court's permission to gain access to all or some of the documents and information claimed to be confidential.

7. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within 15 days after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

8. If at any time prior to the trial of this action, a producing party realizes that a document constitutes confidential information, the party may so designate that information as confidential by apprising all parties to this litigation in writing. Such designated documents will thereafter be treated as confidential information under the terms of this agreement.

9. If either party objects to the designation of documents or other materials as confidential information, the party shall notify the designating party in writing of the objection. The parties shall confer in good faith regarding any dispute over designation. If the parties are

3

unable to resolve such a dispute, either party may ask the Court to make a determination on the confidential nature of the information.

10.     In the event a Party seeks to file any materials labeled "CONFIDENTIAL" subject to protection under this Protective Order with the Court, that party must take appropriate action to insure that the materials receive proper protection from public disclosure including: (a) filing a redacted version with the consent of the Party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the materials solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the materials under seal by filing a motion for leave to file under seal in accordance with E.D.N.C. Local Rule 79.2. Any denial of leave to file under seal shall serve to allow the filing party to file the materials at issue publically, without regard for the limitations of this Protective Order.

11.     Any confidential information submitted to, presented to, or filed with the Court shall be filed under seal and shall not be made available to persons other than the Court and persons authorized by this Order.

12.     This Order shall not prejudice the rights of the parties to otherwise object to or oppose production of documents or information on any grounds other than confidentiality.

13.     Within ninety days of the completion of this action, including all appeals, whether by decision, settlement, lapse of time, or otherwise, any materials designated as "CONFIDENTIAL" throughout the course of this litigation shall be destroyed, or, on request of the producing party, the opposing party shall return said information to the producing party. However, the parties' attorneys will not be required to return or destroy any pleadings, transcripts,

4

or notes or other memoranda that contain or summarize materials designated as "CONFIDENTIAL."

14.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**WE CONSENT:**

| | |
|---|---|
| /s/MEL J. GAROFALO<br>Mel J. Garofalo<br>NC State Bar No. 8279<br>/s/C. ROB WILSON<br>C. Rob Wilson<br>NC State Bar No. 41688<br>Hedrick Gardner Kincheloe & Garofalo, LLP<br>P.O. Box 30397<br>Charlotte, NC 28230<br>Phone: (704) 366-1101<br>Fax: (704) 366-6181<br>mgarofalo@hedrickgardner.com<br>rwilson@hedrickgardner.com<br>*Attorneys for Defendants* | /s/JACK HOLTZMAN<br>Jack Holtzman<br>NC State Bar No. 13548<br>/s/EMILY TURNER<br>Emily Turner<br>NC State Bar No. 49578<br>North Carolina Justice Center<br>P.O. Box 28068<br>Raleigh, NC 27611<br>Phone: (919) 856-2165<br>Fax: (919) 856-2175<br>jack@ncjustice.org<br>emily@ncjustice.org<br>*Attorneys for Plaintiffs*<br><br>/s/JAMIE L. CROOK<br>Jamie L. Crook<br>Appearing by special permission pursuant to L.R. 83.1(d)<br>/s/REED N. COLFAX<br>Reed N. Colfax<br>appearing by special permission pursuant to L.R. 83.1(d)<br>Relman, Dane & Colfax, PLLC<br>1225 19th Street, N.W., Suite 600<br>Washington, D.C. 20036<br>Phone: (202) 728-1888<br>Fax: (202) 728-0848<br>rcolfax@relmanlaw.com<br>jcrook@relmanlaw.com<br>*Attorneys for Plaintiffs pursuant to LR 83.1* |

**********************
## COURT'S APPROVAL AND MODIFICATIONS

This Consent Protective Order is the subject of the parties' motion (D.E. 58) for entry thereof in the form proposed at D.E. 58-1. The court hereby ALLOWS the motion, and APPROVES and ADOPTS the foregoing terms of the Consent Protective Order, subject to the following modifications:

1. Court personnel are included as persons with whom confidential materials may be disclosed pursuant to paragraph 4, but are excluded from any requirement to sign an undertaking in the form of Attachment A.

2. The return of trial exhibits by the court shall be governed by Local Civil Rule 79.1, E.D.N.C., notwithstanding any contrary terms in this Consent Protective Order, including any such terms in paragraph 13.

3. Notwithstanding any contrary provisions in paragraph 14, the extent to which this court retains jurisdiction over this litigation for enforcement of the provisions of this Consent Protective Order following the final resolution of this litigation shall be determined in accordance with law.

SO ORDERED, this 18 day of December 2017.

James E. Gates
United States Magistrate Judge

6

## ATTACHMENT A

### ACKNOWLEDGMENT OF STIPULATION AND PROTECTIVE ORDER

I have read and understand the Consent Protective Order ("the Order") entered in this action, and hereby agree to be bound by the terms thereof. I confirm that my duties under this Acknowledgment shall survive the termination of this action and are binding upon me for all time. I consent to the personal jurisdiction of the United States District Court for the Eastern District of North Carolina in the above-captioned action for the purpose of enforcing the aforementioned Order.

[Signature]

[Print name]

[Date]