IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| BARBARA SCOTT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 7:16-CV-401-D |
| ) | |
| SREE-LUMBERTON, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## ADDENDUM TO CONSENT PROTECTIVE ORDER:
## CONFIDENTIAL HEALTH INFORMATION
## (AS MODIFIED)

1. This Addendum to the Consent Protective Order (Dkt. 64) shall govern the use and disclosure of all material and information designated as "CONFIDENTIAL – MEDICAL" pursuant to Paragraph 3 of this Addendum. The terms of the Consent Protective Order shall apply to material and information so designated, except as altered by this Addendum.

2. "Confidential Health Information" means any document or information supplied in any form, or any portion thereof, that identifies an individual in any manner and relates to the past, present, or future care or health services regarding the individual, relates to the physical or mental health condition of such individual in any way, or relates to the provision of health care to such individual. "Confidential Health Information" includes, but is not limited to, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, summary forms, intake forms, and related records. "Confidential Health Information" also includes all notes, summaries, compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from "Confidential Health Information."

3. Either party may designate any documents or other materials as "CONFIDENTIAL – MEDICAL" if counsel believes, in good faith, that the documents contain or reflect Confidential Health Information.

4. Any Confidential Health Information filed with the Court shall be filed under seal according to the procedures set forth in the Consent Protective Order.

5. Materials designated as "CONFIDENTIAL – MEDICAL" shall be used or disclosed by the receiving party solely for purposes of prosecuting or defending this action, and shall not be revealed, discussed, or disclosed to any person or entity other than:

(a) The attorneys that have entered appearances in this litigation and necessary staff employed by such attorneys;

(b) The Court in this action, or any other court having jurisdiction over discovery procedures in the action, any court reporter or typist recording or transcribing testimony in this action, and any outside, independent reproduction firm;

(d) Medical or psychiatric experts retained by the Parties in connection with this matter, whether testifying or non-testifying;

(e) Witnesses during their depositions whose testimony concerns either the subject matter of the documents containing Confidential Health Information or Plaintiffs' allegations of emotional distress;

(f) Individuals who authored or previously received the document in question; or

(g) Other persons who may be designated by consent of all attorneys of record or pursuant to Court order.

6. Prior to disclosure to any person pursuant to Paragraphs 5(d), (e), or (g), such person shall be furnished with a copy of Consent Protective Order and this Addendum and shall be required to certify in writing that he or she has read this Order and Addendum, understands them, and agrees to be bound by their terms. Such certification shall be in the form of the Acknowledgment of Stipulation and Protective Order included as Attachment A. Pursuant to the Consent Order, Court personnel are excluded from any requirement to sign Attachment A (Dkt. 64 at 6).

7. The recipient of any Confidential Health Information that is provided pursuant to this Order shall maintain such Confidential Health Information in a secure and safe area; shall exercise due and proper care with respect to the storage, custody, and use of all Confidential Health Information; and shall not reveal, discuss, or disclose such Confidential Health Information in any manner or in any form to any person or any entity other than as provided in this Order.

8. Materials designated "CONFIDENTIAL – MEDICAL" shall be destroyed by the receiving party (and certified in a letter as having been destroyed), or returned to the producing party as indicated in Paragraph 13 of the Consent Order.

Dated: February 13, 2018

Respectfully submitted,

/s/ Tara K. Ramchandani
Reed N. Colfax (appearing by special permission pursuant to L.R. 83.1(d))
Tara K. Ramchandani (appearing by special permission pursuant to L.R. 83.1(d))
Alexa Milton (appearing by special permission pursuant to L.R. 83.1(d))
RELMAN, DANE & COLFAX PLLC
1225 19th Street, N.W., Suite 600
Washington, D.C. 20036
(202) 728-1888 (telephone)
(202) 728-0848 (facsimile)

3

tramchandani@relmanlaw.com
amilton@relmanlaw.com

Jack Holtzman (N.C. Bar #13548)
Emily Turner (N.C. Bar #49578)
NORTH CAROLINA JUSTICE CENTER
P.O. Box 28068
Raleigh, NC 27611-8068
(919) 856-2165 (telephone)
(919) 856-2175 (facsimile)
jack@ncjustice.org
emilyt@ncjustice.org

*Counsel for Plaintiffs*

***********************
## COURT'S APPROVAL AND MODIFICATIONS

This Addendum to the Consent Protective Order entered in this case (D.E. 64) is the subject of the parties' motion (D.E. 65) for entry thereof in the form proposed at D.E. 65-1. The court hereby ALLOWS the motion, and APPROVES and ADOPTS the foregoing terms of the Addendum to the Consent Protective Order, subject to the following modifications:

1. A party may designate any document or information in whatever form as "Confidential—Medical," pursuant to paragraph 2 of the Addendum to the Consent Protective Order only if such party believes in good faith that such document or information qualifies for protection under Federal Rule of Civil Procedure 26(c).

2. The return of trial exhibits by the court shall be governed by Local Civil Rule 79.1, E.D.N.C., notwithstanding any contrary terms in this Addendum to the Consent Protective Order, including any such terms in paragraph 8.

SO ORDERED, this 20th day of March 2018.

James E. Gates
United States Magistrate Judge